UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DUKENS JEROME,

                        Plaintiff,

           - against -

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, and JOHN DOE POLICE OFFICERS A- F, the
name "Doe" being fictitious and intended to represent those police
officers involved in the false arrest, excessive force, and malicious
prosecution of Claimant.

                        Defendants.
-----------------------------------------------------------------X

**CV 17 - 3583**
COMPLAINT

JURY DEMAND

CHEN, J.

GOLD, M.J.

Plaintiff, by his attorneys, MANGAN GINSBERG LLP, for his Complaint against the Defendants, alleges, at all times material herein, the following:

## NATURE OF THE ACTION

1) Plaintiff, DUKENS JEROME, brings this civil rights action under 42 U.S.C, § 1983 and the laws of the State of New York, for false arrest, municipal liability and malicious prosecution against the City of New York and individual NYPD Police Officers for events that took place on February 3, 2015. On that date, NYPD police officers falsely arrested, assaulted, used excessive force and maliciously prosecuted Claimant, who was charged with 240.30 harassment (which was previously found unconstitutional by the New York Court of Appeals in 2014) despite the lack of probable cause. The City of New York maliciously prosecuted Claimant. Claimant was unlawfully detained at the 75th Precinct and Central Booking for (3) three days and all charges were dismissed on May 7, 2015.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 14 2017 ★

BROOKLYN OFFICE

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State Tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose and where plaintiff is domiciled.

## PARTIES

5) Plaintiff DUKENS JEROME, at all relevant times, was a resident of the State of New York, County of Kings.

6) Defendant CITY OF NEW YORK (the "City") is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

7) Defendants "John Doe Police Officers" A-F are 75th Precinct NYPD supervisors and other officers are employees of the City, who acted under the color of law and within their scope of their employment when they falsely arrested and unlawfully detained Plaintiff.

## FACTS

8) On or about February 3, 2015 DUKENS JEROME went to a friend's home to retrieve his personal property. His friend agreed to return it to him and invited him to the building.

9) When DUKENS JEROME arrived at the apartment complex, the friend unlocked the lobby door through the intercom system, allowing DUKENS JEROME to enter into her building.

DUKENS JEROME went to the third floor, apartment 303, where the friend resides, to retrieve his property.

10) When the friend refused to open the door, DUKENS JEROME left the building and called the police from his cellphone.

11) Moments later, DUKENS JEROME saw two police officers, defendants herein, speaking with the friend in her building lobby and DUKENS JEROME re-entered the building. JEROME told the defendant police officers that he was the one who called 9-1-1 from his phone; which the police officers verified by calling his cell phone back as he was holding it.

12) When the defendant police officers asked the friend if she had DUKENS JEROME's property, she told the police that she had thrown it out of the window.

13) The defendant police officers asked DUKENS JEROME to search outside, in the snow, for the piece of jewelry. Once the property was found, the defendant police officers arrested DUKENS JEROME, shoving him in the back seat of the police car.

14) The police officers took DUKENS JEROME to the 75th Precinct where he was processed and then sent to Central Booking that evening.

15) DUKENS JEROME remaining in police custody for three days, and was released on or about February 6, 2015 after arraignment. He was required to return to court after his arraignment for two additional court appearances in February and May 2015.

16) The defendant police officers knew that DUKENS JEROME had called 9-1-1 and that the friend had not lodged any complaints, had voluntarily allowed DUKENS JEROME into her building, and had possession of DUKENS JEROME'S property.

17) DUKENS JEROME was charged with 240.30 harassment.

18) All charges against DUKENS JEROME were dismissed on May 7, 2015.

## FIRST CLAIM
(Against John Doe Police Officers A-F
False Arrest under the 4th Amendment,
14th Amendment 42 U.S.C. § 1983)

19) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

20) Plaintiff was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of his liberty against his will.

21) The individual defendants, John Doe Police Officers A-F, violated the protections guaranteed to Mr. Jerome as citizens of the United States, by arresting, detaining, and imprisoning him without probable cause.

22) The individual defendants, John Doe Police Officers A-F, committed these false and unlawful arrests, imprisonments, detentions, searches, and deprivations of liberty; while knowing that they did not have probable cause, knowing that these acts were unlawful, and knowing that these acts were without justification. Defendants engaged in these acts to intentionally violate the plaintiff's rights, privileges and immunities, secured by the United States Constitution, or engaged in these acts with reckless disregard to the Plaintiff's rights, privileges and immunities, secured by the United States Constitution.

23) These individual defendants acted under color of law.

24) These individual defendants apprehended Plaintiff based upon racial profiling and/or because of other improper reasons.

25) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline, and negligently hiring the police officers who arrested, detained, imprisoned and humiliated Plaintiff.

26) These individual defendants are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C.§ 1983.

## SECOND CLAIM

(Malicious Prosecution
Under the 4th Amendment,
14th Amendment and 42 U.S.C. § 1983)

27) Plaintiff DUKENS JEROME realleges the facts stated in all paragraphs above as if stated fully herein.

28) Defendants brought criminal charges against Plaintiff DUKENS JEROME without probable cause. These charges were dismissed resulting in favorable terminations of the charges.

29) Defendants commenced the criminal action against Plaintiff DUKENS JEROME without probable cause and without legal or factual justification. The criminal action was, upon information and belief, abandoned due to a lack of evidence to support the action, and based on false allegations invented solely for the purpose of punishing the Plaintiff.

30) All Defendants acted under color of law.

31) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

32) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline, and negligently hiring the police officers who commenced false charges against Plaintiff DUKENS JEROME, and who commenced the false and frivolous criminal action against the Plaintiff.

33) All Defendants are liable for Plaintiff's damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## **THIRD CLAIM**

(The City of New York is liable for *Monell* claims for
Failing to Adequately Train and Supervise Police Officers.)

34) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

35) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

36) The City knows of the likelihood that its police officers make arrests based on racial profiling or by other error, and knows of their propensity towards arresting on baseless charges, but has failed to protect citizens from these unlawful acts; by failing to properly and sufficiently train, discipline, supervise, and negligently hiring its police officers.

37) Not only does the City know that its officers make these false arrests, and maintains false charges, but it encourages its officers to do so as a "cost of doing business" by living in certain areas within New York City. Unfortunately, most of these areas are poor areas where the citizens do not have mobility or the same availability of choices to live somewhere else.

38) The City of New York is liable to the plaintiff for his injuries sustained as a result of negligent hiring, screening, training, supervision, failure to discipline, and the negligent policies of the City of New York.

## FOURTH CLAIM

(Against the City of New York
Negligent Hiring, Supervision,
Training and Failure to Discipline)

39) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

40) The City of New York knows of the likelihood that its police officers make false arrests without probable cause, knows that its police officer employees have the propensity to falsely charge and maliciously prosecute its citizens, and knows that its police officers have the propensity to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise, and failing discipline its police officers.

41) As a result, Plaintiff was falsely arrested, illegally searched, and otherwise suffered injury to his body and his mind.

42) Plaintiff was injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

43) The City of New York is liable to plaintiff for his injuries sustained as a result of negligent hiring, screening, training, supervision, and failure to discipline.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

    (a)    In favor of Plaintiff in the amount of Three Hundred Thousand ($300,000) Dollars;

    (b)    Punitive damages in the amount of One Hundred Thousand ($100,000) dollars;

(d)     such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       June 14, 2017

                                              **MANGAN GINSBERG LLP**

                                              /s/ _____
                                              By: Michael P. Mangan
                                              *Attorneys for Plaintiff*
                                              80 Maiden Lane, Suite 304
                                              New York, New York 10038
                                              Phone (212) 248-2170